## Smith v. Orr

*David S. Malis*, for plaintiff.

*J. Swartz*, for defendant.

PARRY, J., September 29, 1938.—Rule for judgment for want of a sufficient affidavit of defense.

The suit is brought upon a written agreement dated October 18, 1937 from which, with the pleadings, it appears that in consideration of the receipt of $350. the

defendant transferred title to a used Ford automobile to the plaintiff, who thereupon did "lease rent and demise" the car back to the defendant for the sum of $375, to be paid in twelve equal monthly installments beginning November 18, 1937. Under the agreement the lessor assumes the risk of loss from theft, fire, accident and a number of other hazards and is given the right to the entire unpaid balance of rental upon default in the payment of any installment.

The statement of claim sets forth the defendant's failure and refusal upon demand to pay any installments and claims the sum of $375.

The affidavit of defense admits the agreement but seeks to avoid it on the ground that the transaction amounted to a loan of $350. at a charge of $25., which is in excess of interest at 6% per annum and that the plaintiff is regularly engaged in the business of lending sums of less than $1000. and charging interest in excess of 6% but is not licensed to do so under the Consumer Discount Company Act of April 8, 1937, P. L. 262, and is therefore powerless to enforce the contract.

The rule for judgment is based on two contentions (1) that the contract is not usurious since, in case of the theft of the automobile or its destruction by fire, accident et cetera the defendant is not obliged to complete the payments and (2) that the Consumer Discount Company Act, supra, is unconstitutional.

Under the Act of May 28, 1858, P. L. 622, interest reserved in excess of 6% need not be paid or if paid may be recovered within a certain time but usury is not made unlawful nor punishable. The Consumer Discount Company Act, however, specifically prohibits persons, partnerships and corporations, except duly licensed domestic corporations, from engaging in the business of lending sums of less than $1000. at more than 6% interest per annum and imposes penalties of fine and/or imprisonment. It may be, therefore, that contracts made in violation of the statute are void and unenforceable by the

lender. But, though the plaintiff be engaged in the business of lending sums of less than $1000. at more than 6%, nevertheless if the particular contract in question does not reserve more than 6% interest per annum the statute cannot be invoked, and the question of its constitutionality is immaterial.

The agreement contains no provision for interest, but calls for the payment of $375. in twelve monthly installments. The defendant maintains that since he received only $350. the additional $25. amounts to interest and is in excess of 6% per annum. The $25., however, is consideration not only for the use of the principal sum but also for the risk incurred by the lender in releasing the defendant from liability for further payments in case of the loss or destruction of the automobile.

In Provident Life & Trust Co. et al. v. Fletcher et al., 237 Fed. 104 (affirmed in 258 Fed. 583), it is said:

"As a general rule a transaction is not usurious, if the principal is put at any genuine hazard."

In our own jurisdiction as long ago as Philip, etc., v. Kirkpatrick, 1 Add. (Pa.) 124, which has never been overruled, it was held:

"If money be lent, payable on a contingency which may never happen, as the arrival of a ship, more than legal interest may be reserved on the payment, and it is not usury, for the lender risks the loss of the whole."

Here we think the plaintiff ran a genuine risk of losing all or a part of the money advanced for the "lessee" is released from payments under the agreement if the automobile be (1) stolen, (2) damaged by fire, (3) accident, (4) collision, (5) flood, (6) freezing, (7) depreciation or (8) if the property be taken and sold by reason of a garageman's or artisan's lien provided the lessee has notified the lessor in advance of sale, or (9) negligent use or maintenance, or be (10) seized and detained by the state or (11) Federal authorities.

Therefore, disregarding the subterfuge of a lease and viewing the transaction simply as a loan we are of the

opinion that it is not usurious nor within the prohibition of the Consumer Discount Company Act.

The law forbids a charge in excess of 6% for the use of money alone, but if substantially more than mere use is given the parties are free to contract for any consideration they see fit without interference from the courts.

As the case depends upon a legal conclusion and involves no question for a jury, the rule for judgment is made absolute and judgment is entered for the plaintiff in the sum of $375.